## Case No. 679.

### AVIL v. ALEXANDRIA WATER CO.

[1 Hughes, 408.][1]

Circuit Court, E. D. Virginia. April, 1877.

CONFISCATION AND SALE OF CORPORATE STOCK—FRAUD—BONA FIDE PURCHASER.

Where shares in a corporation were sold by the United States marshal, under a decree of confiscation rendered under like circumstances to those condemned by the United States supreme court in Windsor v. McVeigh and Gregory v. McVeigh, 93 U. S. 274, 284, the corporation had denied the purchaser's title, and that purchaser had sold the stock to the plaintiff, Held, in an action of trespass on the case for value, that the corporation was not liable to the plaintiff for the stock or unpaid dividends, if his vendor's title was under a confiscation sale, and the corporation had denied its validity, and the plaintiff had had such notice of these facts before his purchase as should have put him upon inquiry.

---

[1] [Reported by Hon. Robert W. Hughes, District Judge.]

[At law. Trespass on the case by John Avil against the Alexandria Water Company. Verdict and judgment for defendant.]

On the 14th day of May, 1864, ten shares of stock in the Alexandria Water Company, standing in the name of W. N. & J. H. McVeigh, citizens of Alexandria, but then within the lines of the confederate army, were sold under a decree of the United States district court in a libel for confiscation which had been rendered under the same circumstances as those described in the cases of Windsor v. McVeigh and Gregory v. McVeigh, decided by the United States supreme court, and reported in 93 U. S. 274 and 284. That is to say, the appearance and the answer of the claimant of the property libelled for confiscation, had been stricken out at the trial of the libel, and a decree of condemnation entered without opportunity being given to the claimant to make defence. The purchaser of the stock at the United States marshal's sale of it was Wm. A. Duncan, of Alexandria county, Virginia, and a certificate of stock was issued to him by the water company as of the day of the marshal's sale. Dividends on the stock were paid to this purchaser, as they were declared, up to 1866; and dividends had accrued since to the amount of $347.50. Since 1866 the company had denied the title of this purchaser to the stock.

On the 6th March, 1874, Wm. A. Duncan, by indorsement on the certificate of stock, had assigned these ten shares to John Avil, a citizen of Pennsylvania, his brother-in-law, and coupled with the assignment a power of attorney in blank to make the proper transfer on the books of the water company. Demand had been made upon the company for transfer by Avil, on the 23d April, 1874, and had been refused. Evidence going to show that Avil, at the time of and before he received the assignment of the stock from Duncan, knew the character of his title, was given to the jury; and it was proved that the consideration of the purchase was a note of hand, not yet paid, given by Avil to Duncan in a considerably less amount than the face or market value of the stock.

At the trial, the court instructed the jury that if they believed that W. A. Duncan's title was obtained through a confiscation sale that was not legal, in May, 1864, and that there had been a continual denial of the validity of Duncan's title by the defendant company since June, 1867, and that the plaintiff had such notice of this fact as should have put him upon inquiry as to the character of that title before purchasing the shares of stock in question, they should find for the defendant. The jury returned a verdict for the defendant; and judgment was rendered accordingly.

W. Willoughby, for plaintiff.
S. F. Beade, for defendant.